Joseph P. **ZAIDAN**, Appellant,

v.

**BORG–WARNER CORPORATION,**
Appellee.

No. 14951.

United States Court of Appeals
Third Circuit.

Argued Jan. 5, 1965.

Decided Feb. 15, 1965.

George Gershenfeld, Philadelphia, Pa., for appellant.

Joseph W. Swain, Jr., Philadelphia, Pa., Bruce B. Wilson, Montgomery, Mc-Cracken, Walker & Rhoads, Philadelphia, Pa., of counsel, for appellee.

Before BIGGS, Chief Judge, and KALODNER and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This is a civil action in which the plaintiff, appellant, asserts a right to injunctive relief and, in addition, two separate and distinct claims for damages: one based on an alleged breach of contract and another based on an alleged breach of confidential relationship. The jurisdiction of the district court was invoked solely on the basis of diversity of citizenship and an amount in controversy in excess of $10,000. 28 U.S.C.A. § 1332(a) (1) as amended.

The action came before the court below on a motion for summary judgment filed by the defendant, appellee, pursuant to Rule 56(b) of the Fed.Rules Civ.Proc., 28 U.S.C.A. The motion was based on the second, third and sixth separate defenses

stated in the defendant's answer, and was supported by the amended complaint, including the exhibits thereto annexed, the plaintiff's answers to interrogatories, and the affidavits of three officials of the defendant. Although fully apprised of the defendant's position long prior to the filing of the motion, the plaintiff offered no countervailing evidence.[1] On this record the court below decided that there was no genuine issue as to any material fact and entered a judgment in favor of the defendant, from which the plaintiff appeals.

· The plaintiff devised and developed a pivotally mounted shelf adaptable for incorporation in a refrigerator. We shall assume, solely for the purposes of this case, that the structure was a patentable invention. The plaintiff made a voluntary disclosure of the invention to the defendant pursuant to a written application which specifically provided: "no confidential relationship shall be deemed to exist between myself and the said Corporation because of my having made such disclosure." The defendant manifested an interest in the invention and on December 11, 1956, the plaintiff and defendant entered into two agreements upon which the claims for damages herein asserted are predicated. These agreements were integrated parts of a single contract.

The first was an "option agreement" under the terms of which the defendant acquired an exclusive option to license the invention and a further right, during the option period, to manufacture, use and sell the invention. This agreement contains the following provision:

"Licensor agrees that Borg-Warner shall not be liable by reason of the disclosure to Borg-Warner in furtherance of this agreement, in furtherance of the license agreement * * * or for any other purpose either growing out of this agreement

or the relationships established thereby, of confidential or allegedly confidential material or information. This provision shall not, however, relieve Borg-Warner of contractual liability established hereunder."

The second was a license agreement which by its express terms was to become effective upon the exercise of the option.

The license agreement contains the following provision:

"Borg-Warner shall have the privilege or right to cancel or surrender this agreement at any time during its continuance by giving to Licensor sixty (60) days' notice in writing of its desire or intention so to do; whereupon at the expiration of said sixty (60) days this agreement shall terminate. * * * "

There was also reserved to the plaintiff a right to terminate the agreement upon the defendant's default in either the payment of royalties due thereunder or the performance of any other obligation.

The license agreement also contains the following pertinent provision:

"Further, it is hereby agreed that in the event of cancellation or termination of this agreement for any reason whatsoever, this agreement shall thereafter have no force and effect on any possible contentions of Licensors * * * against Borg-Warner * * * as to the validity and scope of the patent rights licensed hereunder to the end that Borg-Warner shall, after such termination or cancellation, be in the same position and status with respect to any defenses of invalidity, non-infringement, or otherwise as if this agreement had never existed."

The effect of this provision was to place the defendant, upon termination of the agreement, in the same position it would have occupied if the license had not been granted.

[1]. Between May 27, 1963, when the defendant's answer was filed, and October 31, 1963 when the motion for summary judgment was filed, the plaintiff had ample time and opportunity to avail himself of any one or more of the discovery procedures available under the rule, but failed to do so.

The defendant exercised the option, and on March 8, 1957, forwarded to the plaintiff a written notice thereof, together with a check in the amount of $5000, representing an advance against royalties to become due under the license agreement. The plaintiff admits receipt of this payment. After the agreement had been in force and effect for approximately eight months the defendant exercised the right to cancel and so notified the plaintiff by registered mail on November 5, 1957; the cancellation became effective as of January 6, 1958. On November 25, 1958, the plaintiff was granted a patent which covers in full the subject matter of the earlier disclosure to the defendant; this patent is here presumed to be valid. The present action was commenced on July 11, 1962, slightly more than three and a half years after the patent issued.

■ The first count of the complaint alleges that during the period of the license agreement the defendant, in violation of the "faith and confidence" reposed in it, manufactured and incorporated in its refrigerators pivotally mounted shelves which infringed the invention and for the use of which the defendant has failed to account. The claim for damages as stated is essentially one for unfair competition and sounds in tort. O'Brien v. Westinghouse Corporation, 293 F.2d 1, 12–14 (3rd Cir.1961); Kleinman v. Betty Dain Creations, 189 F.2d 546, 549 (2nd Cir.1951). However, it is evident from the complaint and the agreements thereto annexed that the disclosure of the invention was not made in confidence but pursuant to the said agreements under which the defendant acquired a license to manufacture, use and sell the invention. It follows that the claim for unfair competition can have no basis either in fact or in law. Ibid.

■ However, the allegations of the first count sufficiently state a claim for damages based upon breach of the license agreement. If the facts as alleged were true the defendant would be liable in damages for breach of contract. The plaintiff would be entitled to compensation measured by the rates prescribed by the royalty schedule incorporated in the license agreement. See New Wrinkle, Inc. v. John L. Armitage & Co., 277 F.2d 409, 411 (3rd Cir.1960).

The evidence offered on behalf of the defendant, in support of its motion for summary judgment, unmistakably disproved any claim for breach of contract. It appears therefrom that between December 11, 1956 and January 6, 1958, when the license agreement was in force and effect, the defendant manufactured 1693 refrigerators in each of which there was incorporated two pivotally mounted shelves. It further appears that upon termination of the license agreement, and prior to the issuance of the patent, the defendant manufactured no refrigerators or other structures containing the described shelves. The total possible liability of the defendant under the circumstances was $388.60 and, as against this, the plaintiff received an advance payment of $5000. In the absence of any countervailing proof the entry of summary judgment on the first count of the complaint was proper. International Longshoremen's & Warehousemen's Union c. Kuntz, 334 F.2d 165, 169 (9th Cir. 1964); Norton v. McShane, 332 F.2d 855, 861 (5th Cir.1964).

■ The second count of the complaint is anomalous. It purportedly states a claim for damages for breach of contract; however, its allegations are appropriate to a claim for infringement which is ex delicto in both form and substance. The complaint alleges that the defendant, in breach of the license agreement and subsequent to its termination, continued "to manufacture a removable shelf * * * which shelf infringed upon the rights of the plaintiffs." The plaintiff admits with commendable frankness that the claim for damages was deliberately cast in the form of one for breach of contract in order to avoid an adjudication as to the validity of the patent. A similar admission in the court below resulted in the entry of an order which eliminated from the case any pos-

394

sible claim for patent infringement. The complaint, construed in the light of the said admission and order, fails to state any claim which would entitle the plaintiff to relief.

The defendant had an unrestricted right to terminate the contract, as it did, upon written notice to the plaintiff. As of the effective date of termination the rights and liabilities of the parties under the license agreement were brought to an end. Thereafter the defendant had a right to manufacture and use the invention, subject only to the risk of an action for patent infringement. However, the plaintiff has purposely elected not to pursue this remedy.

The judgment of the court below will be affirmed.